IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGER SHEKAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1728-B-BN |
| | § | |
| SELENE FINANCE L.P., ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Without paying the filing fee, Plaintiff Roger Shekar, proceeding *pro se*, filed this lawsuit against Selene Finance L.P., Selene Holdings, LLC, Pretium Partners LLC, PHH Mortgage, and six individual defendants, including a United States Bankruptcy Judge for the Northern District of Illinois. *See* Dkt. No. 3. Senior United States District Judge Jane J. Boyle referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action on the basis of sanctions imposed by the United States Court of Appeals for the Seventh Circuit and the United States District Court for the Northern District of Illinois. In the alternative, the Court should dismiss this action with prejudice as frivolous and malicious.

**Applicable Background**

Shekar has been pursuing claims against his mortgage company since 2018, first in the Northern District of Illinois where his property was located and then in the Eastern District of Pennsylvania and Middle District of Florida. *See, e.g.*, *Shekar v. Selene Finance L.P.*, No. 2:24-cv-6794-MAK, 2025 WL 887809, at \*1-\*3 (E.D. Pa. Mar. 21, 2025) (setting out history of lawsuits in Illinois and Pennsylvania); *Shekar v. PHH Mortg. Corp.*, No. 8:25-cv-1227-JLB-CPT, Dkt. No. 1 (M.D. Fla. May 12, 2025). Although Shekar's current complaint omits dates and other relevant information, many of the factual allegations and claims have already been finally decided by other courts or predate the involvement of the Dallas defendant, Selene Finance L.P. *See, e.g.*, *Shekar v. Selene Finance L.P.*, 2025 WL 887809, at \*5-6; *Shekar v. Ocwen Loan Servicing, LLC*, No. 1:18-cv-3019, Dkt. No. 181 (N.D. Ill. Jan. 29, 2020), *aff'd*, 848 F. App'x 216 (7th Cir. 2021).

In addition to his blatant forum shopping, Shekar is subject to filing bars and monetary sanctions in the Seventh Circuit and the Northern District of Illinois because of his abusive conduct. *See Shekar v. Ocwen Loan Servicing, LLC*, 848 F. App'x at 217 (discussing sanctions history dating back to 2012); *Shekar v. Duff*, No. 22-cv-2123-UNA, 2022 WL 3098772 (D.D.C. Aug. 2, 2022) (dismissing lawsuit challenging sanctions orders from the Northern District of Illinois and Seventh Circuit filed against "every member of the federal judiciary . . . who [Shekar] believes have crossed him"), *aff'd*, No. 22-5211, 2023 WL 6883766 (D.C. Cir. Oct. 17, 2023). And, in the days since filing his complaint here, Shekar has subjected employees of

the clerk's office for the Northern District of Texas to multiple abusive emails and phone calls.

**Legal Standards and Analysis**

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means *p*]*ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas Cty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Courts may also enforce "outstanding sanction orders of sister courts" within and outside their circuit. *See Schmidt v. Van Buren*, 243 F. App'x 803, at *1-2 (5th Cir. 2007) (unpublished per curiam) (upholding the enforcement of a sanction order from a district court outside the Fifth Circuit); *Dominguez v. Scott*, 265 F.3d 1058, 2001 WL 872771, at *2 (5th Cir. July 5, 2001) (unpublished) (upholding the enforcement of a sanction order from a Texas district court); *see also Tepe v. Internal Revenue Service*, No. 3:24-CV-1280-L-BK, 2024 WL 3731624, at *2 (N.D. Tex. July 2, 2024) (collecting cases and enforcing sanction order from the Eastern District of Tennessee), *rec. accepted*, 2024 WL 3732474, at *1 (N.D. Tex. Aug. 7, 2024); *Sheehan v. State of Tex.*, No. 3:05-cv-1318-K, 2005 WL 2036686, at *1 (N.D. Tex. Aug. 17, 2005) ("The proper administration of justice requires that courts [honor sanctions orders

imposed by other federal courts as] to prisoner and nonprisoner litigants alike."
(citations omitted)).

Therefore, the Court should honor the sanctions previously imposed against
Plaintiff Roger Shekar and dismiss this action without prejudice to his ability to re-
file it only after paying the sanctions in the United States District Court for the
Northern District of Illinois and the Seventh Circuit and obtaining leave from a
district judge of this Court.

But, even if the Court does not honor the sanctions previously imposed against
Shekar, this action should be dismissed as frivolous and malicious. A district court is
required to screen a civil complaint filed IFP (that is, without payment of the filing
fee) and may summarily dismiss that complaint (or any portion of it) if the complaint
fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil
Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per
curiam).

And "[i]t is well-established that a district court may dismiss a complaint on
its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may
granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969,
at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th
Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F.
App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint

- 4 -

on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

And "[a] complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation." *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (per curiam) (citing, as applicable, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))). And, "[r]eading *Pittman* and *Wilson[ v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989),]* in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of *res judicata*, whether or not the prior litigation has ended unsuccessfully for the plaintiff." *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-cv-1113-K, 2003 WL 21355439, at *1 (N.D. Tex. June 6, 2003), *rec. accepted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003).

As discussed above, the group pleading allegations against the "Selene Defendants" (though divorced of certain specifics such as dates) arise from the same series of events and allegations that have been asserted by Shekar in multiple prior cases filed in the Northern District of Illinois, the Eastern District of Pennsylvania, and the Middle District of Florida. Therefore, those claims should be dismissed as malicious.

And the new allegations against a Northern District of Illinois bankruptcy judge and his alleged mistress relating to a purported delay in deciding a motion for

summary judgment are wholly frivolous. Despite multiple factually frivolous and abusive accusations, the claims against Judge DeCelles ultimately relate to his speed in deciding a summary judgment motion, an action taken in his capacity and function as a federal bankruptcy judge. So the claims against Judge DeCelles – whether for injunctive, declaratory, or monetary relief – are barred by judicial immunity. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-47 (1982); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Wightman v. Jones*, 809 F. Supp. 474, 476-79 (N.D. Tex. 1992). And the claims against Mulcahy as to her role in the purported delay are factually frivolous.

And, based on his prior history of abusive behavior in other courts and his recent abusive behavior with staff of this Court, Shekar should be barred from accessing the Court's ECF electronic filing system, barred from sending further documents or communication for this case or any other existing or new case to the Court's emergency filing account or any employee's or team's court email account, and barred from calling the clerk's office or any court employee.

### Recommendation

The Court should dismiss this action without prejudice on the basis of sanctions imposed by the United States Court of Appeals for the Seventh Circuit and the United States District Court for the Northern District of Illinois. In the alternative, the Court should dismiss this action with prejudice as frivolous and malicious. And the Court should bar Shekar from accessing the Court's ECF electronic filing system, barred from sending further documents or communication for this case or any other existing or new case to the Court's emergency filing account

- 7 -

or any employee's or team's court email account, and barred from calling the clerk's office or any court employee.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 3, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE